## LINDMAN ET AL. *v.* WOLF ET AL.

PLEADING.—*Contract.*—Where damages are claimed for a breach of a contract to deliver certain kinds or brands of tobacco at certain prices, the quantity and kind or brand demanded must be specified.

From the Allen Circuit Court.

*J. A. Holman, L. Newberger,* and — *Felsenthal,* for appellants.

OSBORN, J.—This was an action brought by the appellees against the appellants, upon a bill of exchange drawn by the appellees, payable to their order on and accepted by the appellants, for one hundred and fifteen dollars and twenty-five cents. A demurrer was filed to the complaint for want of sufficient facts, and overruled.

An answer of three paragraphs was then filed. The first admitted drawing and accepting the bill, and alleged that it had been paid. The second alleged, that prior to the acceptance, the appellees sold and contracted to deliver to the appellants, on demand, certain tobaccos of certain qualities, and certain prices, and upon such terms, and of such quantities as were in the contract stipulated; that the contract is in writing, signed by the appellees, a copy of which was properly filed and made a part of the answer; that the appellants agreed to take certain quantities of the tobacco at the price and upon the terms in the agreement mentioned, and due acceptance to make upon the receipt of the invoice and bill of lading of such quantities of tobacco as they might from time to time demand; that the tobacco, as it is in the contract agreed, was so sold to defendants at a less price and upon better terms than the then actual marketable rates; that they have frequently made demand of the appellees for divers quantities of the tobacco according to the terms of the agreement; that the appellees, although often requested as aforesaid, have wholly failed and refused to do so, to the damage of the appellees in the sum of fifty dollars, which they ask to have set off against the appellees' demand.

The third paragraph sets out the same contract, and avers that the appellants agreed with the appellees to take such quantities of tobacco as they might require and have use for, from time to time, at the prices and terms in the contract mentioned, and were ready and willing due acceptance to make when they received an invoice and bill of lading of the tobacco so purchased; that having use and need for the same they made demand of the appellees for divers quantities of the tobacco so contracted for; that relying upon the delivery to them of the tobacco as stipulated in the contract, they were wholly deprived of the use of and benefits arising to them from the possession and use of the tobacco, by reason of the failure and refusal of the appellees due delivery of the same to make; that the defendants are engaged in the wholesaling and retailing of manufactured tobaccos in the city of Fort Wayne in this State; that by reason of the failure and refusal due delivery to make of the tobacco demanded, the appellants were damaged in the sum of one hundred and fifty dollars.

Separate demurrers were filed to the second and third paragraphs of the answer, which were sustained, and an exception taken.

The cause was tried by the court, who found for the appellees in the sum of one hundred and sixteen dollars and fifty-one cents, and, over a motion for a new trial, rendered final judgment for the appellees on the finding.

The errors assigned are, that the court erred in overruling the demurrer to the complaint, in sustaining the demurrers to the second and third paragraphs of the answer, and in overruling the motion for a new trial.

The complaint was in the usual form of a complaint on an acceptance; it alleges that a copy of the instrument sued on is filed and is accompanied by a copy of it. The demurrer to it was correctly overruled.

The record contains no motion for a new trial or bill of exceptions. No question arises on the motion for a new trial.

The contract set out in the second and third paragraphs of the answer is as follows:

"FORT WAYNE, February 27th, 1872.

"We, the undersigned, through our agent, Mr. Ch. M. Robinson, agree herewith to furnish to Messrs. Lindman & Rubin, of Fort Wayne, our tobacco as per statement below."

(Then follows a list of eight different kinds or brands of tobacco, with the price of each.)

"All goods to be sent without any charge for cases or pails.

"Terms, seventy-five days acceptances."

Both paragraphs of the answer are bad. They fail to show any breach of the contract by the appellees. The allegation is, that the appellants demanded "divers quantities of said tobacco so contracted for," in one paragraph, and "divers quantities of said tobacco according to the terms of said agreement," in the other, without specifying the kind or quantity wanted. A valid demand, under the contract, must have specified the particular kind and quantity required. To demand "divers quantities" is too indefinite.

We need not inquire whether the paragraphs are otherwise defective, as the one already noticed is sufficient to affirm the judgment.

The judgment of the said Allen Circuit Court is affirmed, with costs and five per cent. damages.